UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-21174-CIV-MARTINEZ-BROWN**

BIRD WINGATE, LLC II, a Florida limited liability corporation,

    Plaintiff,

vs.

DIAZ REUS & TARG, LLP, a Florida limited liability partnership, and REDFIELD INVESTMENTS, A.V.V., a Netherland Antilles corporation,

    Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand **(D.E. No. 7)**. This action was originally filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. Defendant Redfield Investments A.V.V. ("Redfield") filed a Notice of Removal, removing this action to this Court, alleging jurisdiction pursuant to its status as an "agent or instrumentality of a foreign state" under 28 U.S.C. § 1603(b). Plaintiff contends that Defendant Redfield does not meet the definition of an "agent or instrumentality of a foreign state" and this matter should be remanded.

### Analysis

In order to remove a civil action from state court, it is necessary that the district courts of the United States have original jurisdiction over the case. 28 U.S.C. § 1441(a). When removing a case to federal court, the Defendant "bears the burden of proving that federal jurisdiction

exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Ordinarily, a Court's review on a timely-filed motion to remand is limited to the notice of removal and accompanying documents. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007). In this case, however, Plaintiff contends that the information in Defendant's notice of removal is inaccurate, in that Plaintiff contends Defendant Redfield is not an agent or instrumentality of a foreign state. At any time, a Court may consider any relevant information the parties may present with respect to the Court's subject matter jurisdiction. *Id.* at 1213 n. 64; *Williams*, 269 F.3d at 1319. Furthermore, "unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional [requirements], removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

This case was removed to federal court pursuant to 28 U.S.C. U.S.C. § 1441(d). Twenty-eight U.S.C. § 1441(d) provides:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

Twenty-eight U.S.C. § 1603 provides in relevant part:

> (a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
> (b) An "agency or instrumentality of a foreign state" means any entity--
> (1) which is a separate legal person, corporate or otherwise, and
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of

whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

Plaintiff contends that the Defendant is not in fact an agency of a foreign state. Plaintiff specifically contends that Defendant Redfield cannot meet its burden of demonstrating that it meets the requirements of § 1603(b)(2) and (3).

In support of their motion in opposition to remand, Defendant Redfield attached two documents which the Court gathers have been translated from Spanish. The first is a Fondo de Garantia de Depositos y Proteccion Bancaria ("FOGADE") document that Defendant claims shows that control of Defendant Redfield has been transferred to General Gonzalo Santana. The document, which is a technical report regarding a parcel of real property, states that Consorcio Inversionista Principal, C.A. ("CIPCA") controls "the stock and administration of" Defendant Redfield. The documents also states that Mr. Ramon Hernandez Peralta is the sole manager, although it does not clarify whether he is the sole manager of Defendant Redfield or of CIPCA. It states that CIPCA was "nationalized" in 1995 when FOGADE purchased 80.8% of the CIPCA's shares. The document states that the remaining shares are held by third parties. The report also states that "[i]n Official Document No. PRE 2421 . . . issued by the [FOGADE] President's Office, Mr. Ramon Hernandez was notified that all property management and control for [the real property at issue] would be transferred to General Gonzalo Santana, Security Manager, and to Major Antonio Hernandez Borgo, Venezuelan Consul in Miami, Florida, United States of America."[1] The second document Defendant Redfield attached is the minutes of its

---

[1] The Court notes that this statement does not, in fact, support that argument that control over Defendant Redfield as a whole has been transferred to General Santana.

April 15, 2010 stockholders meeting. In that meeting, which took place in the FOGADE headquarters, CIPCA was identified as the sole shareholder of Defendant Redfield. In the meeting, two men were appointed to Defendant Redfield's Board of Directors. The minutes identified Defendant Redfield as "an offshore bearer stock company established under the laws of Aruba, Dutch Antilles on February 25, 1992."

Neither of these documents has attached affidavits authenticating them. More importantly, Defendant Redfield has not attached any evidence or affidavit supporting its contention that FOGADE is Venezuela's version of the United States' FDIC. Even if the Court accepts these statements, however, the Court notes that this evidence shows that FOGADE owns roughly 80% of CIPCA, which in turn owns Defendant Redfield, which is incorporated under the laws of the Dutch Antilles. Because Defendant Redfield's shares are not owned by Venezuela or FOGADE, but are instead owned by a corporation which is in turned partially owned by FOGADE, Defendant Redfield is not owned by a foreign state under § 1603(b)(2). *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003). Defendant Redfield asserts, instead, that it is nonetheless an "organ" of Venezuela.

Courts have looked to a variety of factors in determining whether a corporation is an "organ" of a foreign state. "In determining whether an entity is an organ, we consider whether the entity engages in a public activity on behalf of the foreign government." *EOTT Energy Operating Ltd. Partnership v. Winterthur Swiss Ins. Co.*, 257 F.3d 992, 997 (9th Cir. 2001) (internal quotations omitted). The Court considers factors that include "the circumstances surrounding the entity's creation, the purpose of its activities, its independence from the government, the level of government financial support, its employment policies, and its

-4-

obligations and privileges under state law." *Id.* Defendant Redfield has provided little to no evidence regarding any of these factors. It has shown that at least one shareholder meeting took place in the FOGADE headquarters. In addition, Defendant Redfield has made the unsubstantiated assertions that all its directors have been employed by FOGADE and that FOGADE provides financial support for Defendant Redfield. In the absence of additional evidence, this is not enough to meet Defendant's burden to establish that Defendant Redfield is an "organ" of Venezuela.

Finally, the plain terms of § 1603(b)(3) require that an agency or instrumentality of a foreign state not be created under the laws of any third country. 28 U.S.C. § 1603(b)(3). It is undisputed that Defendant Redfield was created under the laws of the Dutch Antilles. Therefore, Defendant Redfield does not fit the definition of an agency or instrumentality of a foreign state. Accordingly, keeping in mind that uncertainties must be resolved in favor of remand, *see Burns*, 31 F.3d at 1095, the Court concludes that this action was improperly removed and must be remanded.

The Court notes that Plaintiff has sought its attorney's fees and costs. Pursuant to 28 U.S.C. § 1447(c), a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when it remands a case. 28 U.S.C. § 1447(c). Absent unusual circumstances, it may do so "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* Because the limited evidence before the Court appears to indicate that Defendant Redfield operates in connection with a Venezuelan governmental entity, FOGADE, the Court

finds that there was an objectively reasonable, albeit unsuccessful, basis for seeking removal. Therefore, the Court will not award fees and costs. Accordingly, it is hereby

ORDERED AND ADJUDGED

1. Plaintiff's Motion for Remand **(D.E. No. 7)** is **GRANTED.**

2. This case is REMANDED to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

3. Each party shall bear its own costs and fees.

4. This case is CLOSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of November, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record